LANDRIEU, J.,
concurs with reasons.
hi respectfully concur. The issue presented here is the meaning of the term “entry of any final decision” as used in La. R.S. 47:1998 A(l)(a), which provides that an affected party has the right to institute a suit for appeal within thirty days of “the entry of any final-decision” of the Louisiana Tax Commission.
None of the prior decisions (Johnson I, Johnson II, Marshall v. Maynard or E.O.P. New Orleans) presented a fact scenario in which the Commission’s decision was signed and mailed on different dates, *1231 thereby requiring the court' to decide whether the “entry” of the decision had occurred on the date of signing or on the date of mailing. In Johnson I and II, the judgment was signed and mailed on the same day. In Marshall v. Maynard, the opinion does not indicate when the decision was-mailed, only the date upon which it was signed. Conversely, in E.O.P. New Orleans, *the opinion does not indicate when the decision was signed, only when it was mailed. Because of the differing factual situations presented by these cases, our prior decisions have unwittingly created uncertainty for litigants, as was recognized by the trial court here in his reasons issued from the bench. This case calls upon us to clarify the law on this point.
I find the statute here to be ambiguous. Nowhere in the láw is “entry of any final decision” defined. The record before us is devoid of any process within the |2Tax Commission whereby it actually “enters” its decisions. If there is such a process, how would a litigant become aware of it? The legislature would be wise to consider amending this statute to conform to other areas of accepted civil procedure. See, La. C.C.R arts.1913,1974, 2087 and 2082.
In my view, principles of due process compel us to hold that “entry” of a final decision can be no earlier than' the date on which the -written decision is mailed by the Tax Commission to the affected parties. To hold otherwise would allow the time period for an appeal to lapse before the affected party is sent notice of the decision against it.
I do not believe the application of this holding would change the result in any of the prior cases. To the extent that our holding here conflicts with the holding of this court in any of our prior opinions, however, I would, respectfully, overrule those decisions.
For these reasons, I concur in the majority’s holding that the statutory time delay begins to run on the date the Commission’s decision is mailed.